# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,               )
                                 )
v.                               )    ID No.  1701007644
                                 )    Cr. A. No. IN17-02-0117
XAVIER SPADY                     )
                Defendant.       )

Submitted: December 10, 2019
Decided: December 31, 2019

## ORDER

*Upon Defendant, Xavier Spady's, Motion for Postconviction Relief,*
**DENIED.**

This 31st day of December, 2019, upon consideration of the Defendant Xavier Spady's *Pro Se* Motion for Postconviction Relief and the amendments thereto (D.I. 13, 20 and 32), the State's responses (D.I. 27 and 34), the Commissioner's Report and Recommendation that Mr. Spady's *Pro Se* Motion for Postconviction Relief should be **DENIED**, and the record in this case, it appears to the Court that:

(1)    On March 6, 2017, a grand jury indicted Xavier Spady for one count of Assault in a Detention Facility and one count of Attempted Assault in a Detention Facility.[1]

---

[1]    Indictment, *State v. Xavier Spady*, ID No. 1701007644 (Del. Super. Ct. Mar. 6, 2017) (D.I. 2).

(2)     On October 30, 2017, Mr. Spady pleaded guilty to those two charges.[2]

(3)     Mr. Spady was sentenced on January 19, 2018, to: (a) three years at Level V for the Assault in a Detention Facility charge; and (b) five years at Level V, suspended after three years for one year at Level III.[3]

(4)     In January 2019, Mr. Spady filed a timely *pro se* Motion for Postconviction Relief pursuant to Superior Court Criminal Rule 61.[4]

(5)     After expansion of the record and the State's response, that motion was referred to Superior Court Commissioner Katharine L. Mayer in accordance with 10 *Del. C.* § 512(b) and Superior Court Criminal Rule 62 for proposed findings of fact, conclusions of law, and recommendations for its disposition.

(6)     The Commissioner docketed her Report and Recommendation on December 10, 2019.[5] The Commissioner recommended that Mr. Spady's Motion for Postconviction Relief be denied.[6]

---

[2]     Plea Agreement and TIS Guilty Plea Form, *State v. Xavier Spady*, ID No. 1701007644 (Del. Super. Ct. Oct. 30, 2017) (D.I. 10).

[3]     Sentencing Order, *State v. Xavier Spady*, ID No. 1701007644 (Del. Super. Ct. Jan. 29, 2017) (D.I. 11).

[4]     D.I. 13.

[5]     D.I. 36.

[6]     *State v. Spady*, 2019 WL 6717044 (Del. Super. Ct. Dec. 10, 2019).

(7)    "Within ten days after filing of a Commissioner's proposed findings of fact and recommendations . . . any party may serve and file written objections."[7] Neither Mr. Spady nor the State filed an "objection" to the Commissioner's Report under Criminal Rule 62(a)(5)(ii).

(8)    The Court accepts, in whole, the findings of fact and recommendations made by the Commissioner.[8] After a thorough review of the record in this case, the Court finds there is no constitutional or legal basis to doubt the validity of Mr. Spady's conviction—his guilty plea was knowing, voluntary, and intelligent. Nor is there a doubt that Mr. Spady's counsel was wholly effective when evaluating his case for potential mental health or other defenses, when litigating the issues that counsel had a good faith basis to believe had merit, when negotiating a plea resolution—which included a concession by the State to withhold a habitual criminal sentencing petition, and when assisting Mr. Spady while entering his guilty plea. Counsel also thoroughly prepared for and advocated during Mr. Spady's sentencing. In short, it plainly appears from the motion and the record of prior proceedings that Mr. Spady is not entitled to postconviction relief.

---

[7]     Super. Ct. Crim. R. 62(a)(5)(ii).

[8]     *Id.* at 62(a)(5)(iv).

**NOW THEREFORE**, after careful and *de novo* review of the record in this case, and for the reasons stated in the Commissioner's Report and Recommendation of December 10, 2019, Mr. Spady's Motion for Postconviction Relief is **DENIED**.

**SO ORDERED this 31st day of December, 2019.**

**Paul R. Wallace, Judge**

Original to Prothonotary

cc: Hon. Katharine L. Mayer
James K. McCloskey, Deputy Attorney General
Andrew J. Meyer, Esquire
Xavier Spady, *pro se*